IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-01507-BNB

MICHAEL GARBACZ,

    Applicant,

v.

[NO NAMED RESPONDENTS],

    Defendants.

---

ORDER OF DISMISSAL

---

    Applicant, Michael Garbacz, initiated this action on May 29, 2014, by filing *pro se* a pleading titled "Writ of Habeas Corpus Emergency." At the time Plaintiff filed this action he was detained at the Fremont County Detention Center in Cañon City, Colorado. On May 30, 2014, Magistrate Judge Boyd N. Boland entered an order and directed Applicant to submit his claims and a request to proceed *in forma pauperis* on Court-approved forms. Applicant was warned that the action would be dismissed without further notice if he failed to cure the deficiencies within thirty days.

    On June 10, 2014, the envelope in which the Order to Cure Deficiencies was sent to Applicant was returned to the Court and marked "Return to Sender Not Deliverable as Addressed Unable to Forward." Magistrate Judge Boland entered a Minute Order on July 8, 2014, finding the address was incorrectly noted on the Docket and directing the Clerk of the Court to resend the May 30 Order to Applicant at the address found on Pages Seven and Eight of ECF No. 1. On July 15, 2014, the envelope containing the May 30 Order was returned to the Court and marked "Return to

Sender."

Plaintiff included an address for his sister on the Writ of Habeas Corpus, but the return address on the envelope containing the Writ was the address where Applicant was detained at the time he initiated this action. Plaintiff also did not state in the Writ that he expected to be released and his sister's address would be effective as of a certain date.  Rule 11.1(d) of the Local Rules of Practice of the United States District Court for the District of Colorado-Civil Rules states that a party must file a notice of a new address within five days of any change of address.  Plaintiff has failed to do so. Furthermore, the Court will not send correspondence to multiple addresses where a party might be located.

Applicant now has failed to communicate with the Court, and as a result he has failed to cure the deficiencies within the time allowed.  The Court, therefore, will dismiss the action.

The Court also certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order is not taken in good faith, and, therefore, *in forma pauperis* status is denied for the purpose of appeal.  See *Coppedge v. United States*, 369 U.S. 438 (1962).  If Applicant files a notice of appeal he must also pay the full $505 appellate filing fee or file a motion to proceed *in forma pauperis* in the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.  Accordingly, it is

ORDERED that the action is dismissed without prejudice pursuant to Fed. R. Civ. P. 41(b) for failure to cure the deficiencies and for failure to prosecute.  It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied.  It is

FURTHER ORDERED that no certificate of appealability shall issue because Applicant has failed to show that jurists of reason would find it debatable that the district court was correct in its procedural ruling.  *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000).

DATED at Denver, Colorado, this   19th   day of    August            , 2014.

BY THE COURT:

   s/Lewis T. Babcock   
LEWIS T. BABCOCK, Senior Judge
United States District Court